

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 520 SOUTH MICHIGAN AVENUE ASSOCIATES, LTD., d/b/a The Congress Plaza Hotel & Convention Center,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD A. DEVINE, State's Attorney of Cook County, Illinois; LISA MADIGAN, Attorney General for the State of Illinois; and ART LUDWIG, Director for the Illinois Department of Labor,<br><br>Defendants. | No. 04 C 6400<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff 520 South Michigan Avenue Association d/b/a the Congress Plaza Hotel & Convention Center has brought a one-count complaint against defendants Richard A. Devine, as the State's Attorney of Cook County Illinois, Lisa Madigan, as the Attorney General of Illinois, and Art Ludwig, the Director of the Illinois Department of Labor, seeking declaratory and injunctive relief. Plaintiff seeks a declaration that the Illinois Employment Strikebreakers Act, 820 ILCS 30/1 et seq. ("ESA"), violates plaintiff's rights under both the National Labor Relations Act, 29 U.S.C. § 151 et seq. ("NLRA"), and the Fourteenth Amendment. In addition, plaintiff also seeks a permanent injunction prohibiting defendants from enforcing the ESA as against plaintiff.

Defendants have filed motions to dismiss, arguing that plaintiff's complaint does not present a case or controversy under Article III of the U.S. Constitution and have moved to

dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, defendants' motions to dismiss are granted.

## BACKGROUND

Plaintiff is a limited partnership with its headquarters and principal place of business in Chicago, Illinois, where it operates the Congress Hotel. Plaintiff recognizes the Hotel Employees and Restaurant Employees International Union AFL-CIO and its affiliated Local Union Number 1 ("HEREIU") as the exclusive collective bargaining representative for approximately 130 of its hotel employees and recognizes the Service Employees International Union AFL-CIO and its affiliated Local Union Number 4 ("SEIU") as the exclusive collective bargaining representative for approximately 14 of its employees. Plaintiff's most recent collective bargaining agreements with HEREIU and SEIU expired in December 2002 and November 2004 respectively. Although plaintiff is currently negotiating with HEREIU for a new collective bargaining agreement, a work stoppage (strike) began in June 2003 and continues to date. Expecting such a work stoppage, plaintiff apparently has contracted with temporary or day labor service agencies to continue regular business operations since the strike began.

The ESA was amended, effective January 1, 2004, to provide that employers, such as plaintiff, who knowingly contract with day or temporary labor service agencies to provide replacement workers for regular employees during a strike or lockout commit a Class A misdemeanor. 820 ILCS 30/2. To date, plaintiff has not been charged with violation of the ESA. The only action taken by any defendant in connection with plaintiff's continuing operation of its hotel occurred on September 9, 2004, when the Illinois Department of Labor ("IDOL") sent a letter to plaintiff requesting copies of contracts between plaintiff and the temporary employment agencies

2

that were executed as a result of the current work stoppage. Plaintiff filed its original complaint immediately thereafter, and filed its current first amended complaint on October 7, 2004. Defendants have not taken any further action to investigate or prosecute plaintiff.

## DISCUSSION

Defendants have moved to dismiss the current action for lack of subject matter jurisdiction, arguing that this matter does not present a case or controversy as required by Article III of the U.S. Constitution. Although only defendants Madigan and Ludwig have categorized the complaint's alleged deficiencies as a lack of standing, all defendants argue that because plaintiff has suffered no harm, the complaint does not present a justiciable case or controversy.

Article III of the Constitution requires that a complaint set forth a case or controversy to invoke the judicial power of the federal courts, which have no authority to render advisory opinions. United States National Bank of Oregon v. Independent Insurance Agents of America, Inc., 508 U.S. 439, 446 (1993). A "core component of the case-or-controversy requirement" is that a plaintiff must have standing to sue. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The three elements of standing are: "(i) an injury in fact, which is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical; (ii) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision." Lee v. City of Chicago, 330 F.3d 456, 468 (7th Cir. 2003) (citing Lujan, 504 U.S. at 560-561). Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. Wisconsin Right to Life, Inc. v. Schober, 366 F.3d 485, 489 (7th Cir. 2004).

In the present matter, plaintiff alleges that it is injured by the ESA because, according to plaintiff, it must choose either to forego contracting with temporary labor agencies or to face criminal prosecution. If plaintiff complies with the ESA and does not employ temporary laborers, plaintiff will be unable to operate its hotel effectively, and will also be forced into a detrimental position in negotiations for new collective bargaining agreements with its striking employees. Accordingly, if plaintiff is placed in such a dilemma, then plaintiff's claim sets forth an injury sufficient to meet the case or controversy requirement of Article III. Hays v. City of Urbana, 104 F.3d 102, 103 (7th Cir. 1997). Plaintiff's argument, however, is tenable only if plaintiff faces prosecution under the ESA. If plaintiff is not constrained by an imminent threat of prosecution, then plaintiff is free to contract with temporary labor agencies and there will be no injury. Commonwealth Edison Co. v. Train, 649 F.2d 481, 485 n.6 (7th Cir. 1980).

The case-or-controversy requirement of Article III does not require that plaintiff be charged officially with violation of the ESA to obtain the preventive relief it seeks. Schmidling v. City of Chicago, 1 F.3d 494, 498 (7th Cir. 1993). Plaintiff must, however, set forth some threat of prosecution by defendants beyond mere "speculation" to support its claim of injury. Commodity Trend Service v. Commodity Futures Trading Commission, 149 F.3d 679 (7th Cir. 1998). Plaintiff must show that it suffers from the threat of imminent prosecution. Horstman v. County of Dupage, 284 F. Supp. 2d 1125, 1130 (N.D. Ill. 2003). In the instant suit, plaintiff has failed to make the requisite showing of impending prosecution.

Plaintiff's claim that prosecution is imminent is based on the letter it received from the IDOL requesting copies of contracts plaintiff entered into with temporary and day labor agencies as a result of the current strike. The letter does not contain a threat of prosecution under the ESA, however,

4

because, as plaintiff admits, the letter was sent as part of the IDOL's enforcement of the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/10. That Act covers the actions of labor agencies, not employers such as plaintiff, and is not at issue in the present matter. Further, the parties do not dispute that the IDOL has neither the responsibility nor the authority to enforce the ESA. Accordingly, plaintiff cannot rely upon the IDOL letter to support its claim of imminent prosecution.

Further undermining plaintiff's assertion of imminent prosecution is the fact that the United States District Court for the Central District of Illinois has recently held the ESA preempted by the NLRA under the Supremacy Clause of the U.S. Constitution, U.S. Const. art. V, cl. 2. Caterpillar Inc. v. Lyons, 318 F. Supp. 2d 703, 711 (C.D. Ill. 2004). In Caterpillar, the plaintiff employer challenged the ESA's prohibition on contracting with temporary labor agencies, arguing that the ESA is preempted by the NLRA and violates the plaintiff employer's right to equal protection under the Fourteenth Amendment - the same challenges presented by plaintiff in the instant case. Id. at 706. The Caterpillar court agreed with the plaintiff that the ESA is preempted by the NLRA, thus barring the defendants, the State's Attorneys for the seven Illinois counties in which the plaintiff employed workers, from enforcing the ESA against the plaintiff. Id. at 711. The State's Attorney for Cook County, a defendant in the present matter, was not a party to Caterpillar.

As a result of Caterpillar, the court cannot conclude that, barring further action by defendants, plaintiff faces an imminent threat of prosecution. In her present motion to dismiss, defendant Madigan, Attorney General for the State of Illinois, concedes that enforcement of the ESA provision here at issue would result in a "federally-preempted prosecution." Moreover, plaintiff has actually relied on the decision in Caterpillar to justify its contracts with temporary labor agencies during the current strike. Indeed, when the IDOL sought to review plaintiff's contracts with such labor

5

agencies, plaintiff refused to provide the contracts, expressly citing to Caterpillar as the basis for its refusal. Nevertheless, plaintiff argues that because neither plaintiff nor defendants were parties to Caterpillar, they are not bound by the case and, therefore, plaintiff still faces an imminent threat of prosecution.

The Seventh Circuit, however, recently considered and rejected a similar argument in Wisconsin Right to Life, 366 F.3d 485, 487 (7th Cir. 2004), in which the plaintiff sought to enjoin the individual members of the State Elections Board from enforcing a state statute that had previously been held unconstitutional in a case brought against the board by a different plaintiff. The Seventh Circuit held that because the defendant Elections Board had declined to appeal the ruling in the prior case, it could be presumed that the Elections Board would not seek to enforce the challenged statute in the future. Id. at 490.

The rationale of Wisconsin Right to Life defeats plaintiff's claim that it faces an imminent threat of prosecution. The fact that the statute at issue in Wisconsin Right to Life had been held unconstitutional made its enforcement in the future doubtful. Similarly, the provision of the ESA at issue in the present matter was held to be preempted in Caterpillar, 318 F. Supp. 2d at 711, leaving it doubtful that any Illinois official will seek to enforce that provision in the future. Although defendants here have not stated that they will not seek to enforce the challenged provision of the ESA, such an affirmative representation is necessary only where the plaintiff holds a reasonable belief that the provision will be enforced. Lawson v. Hill, 368 F.3d 955, 959 (7th Cir. 2004). Here, because of the Caterpillar decision and the fact that defendants have taken no action indicating that they will nevertheless seek to enforce the ESA against plaintiff, plaintiff cannot maintain a reasonable belief that it faces an imminent threat of prosecution.

6

Moreover, plaintiff has not incurred any costs by altering its conduct to avoid prosecution under the ESA and need not incur such costs in the future. Plaintiff has not been charged with or investigated for a violation of the ESA, and has operated its hotel under the reasonable belief that the ESA provision will not be enforced. Plaintiff has, therefore, suffered no injury in fact. Accordingly, plaintiff has failed to present a case or controversy within the judicial power of this court, and defendants' motions to dismiss for lack of subject matter jurisdiction must be granted.

## CONCLUSION

For the reasons discussed above, the court grants defendants' motions to dismiss plaintiff's first amended complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**ENTER:** **April 22, 2005**

**Robert W. Gettleman**
**United States District Judge**